(emphasis added). Interpreting Section 780–113(k) as we have interpreted it fulfills this intention.[9]

For all of the reasons discussed herein, we hold that the mandatory minimum sentencing provision of 35 P.S. § 780–113(k) does not apply to a conviction for conspiracy to manufacture a controlled substance. The order of the Superior Court affirming the judgment of sentence is vacated. This case is remanded to the Court of Common Pleas of Schuylkill County for resentencing in accordance with the terms of this Opinion.

Justice TODD did not participate in the consideration or decision of this case.

Chief Justice CASTILLE, and Justices SAYLOR, EAKIN and BAER, and Justice GREENSPAN join the opinion.

962 A.2d 669

**Allen E. ERTEL, Appellant**

v.

**James CARPENTER, Appellee.**

Supreme Court of Pennsylvania.

Jan. 22, 2009.

9. The Commonwealth relies on *Commonwealth v. Reeves* 778 A.2d 691 (Pa.Super.2001) to support the application of the mandatory minimum sentencing provision to Appellant's conspiracy conviction in the instant case. That reliance is misplaced. *Reeves* did not involve the issue of whether a mandatory minimum sentence applied to a conspiracy conviction. The minimum sentencing statute in *Reeves* clearly included conspiracy among the crimes to which it applied. The dispute in *Reeves* involved whether a separate element of the minimum sentencing statute at issue in that case had been met. This case involves no similar issue.

## ORDER

PER CURIAM.

AND NOW, this 22nd day of January, 2009, the Order of the Lycoming County Court of Common Pleas is AFFIRMED.

962 A.2d 670

**STANTON–NEGLEY DRUG COMPANY, t/d/b/a Stanton–Negley Legend Drug, Appellant**

v.

**PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, a Government Entity; Estelle B. Richman, Secretary of Pennsylvania Department of Public Welfare, in her official capacity; Office of Medical Assistance Programs, a Government Entity; James L. Hardy, Acting Deputy Secretary of the Office of Medical Assistance Programs, in his official capacity; Officer of Administration, Contract Policy, Management and Procurement, a Government Entity; and Daniel R. Boyd, the official-in-charge of the Office of Administration, Contract Policy Management and Procurement, in his official capacity, Appellees.**

Supreme Court of Pennsylvania.

Jan. 22, 2009.

Monte J. Rabner, Pittsburgh, for appellant, Stanton-Negley Drug Company.